Daniel, Judge,
after stating the case as above, proceeded as follows: The gist of the action of detinue is the wrongful detainer at the date of the writ, and not the original taking of the chattel. 3 Bla. Com. 152, Co. Lit. 286, b. It is generally, therefore, incumbent on a plaintiff in this action, after shewing that he has an absolute orspecial property, and also a right to the immediate possession, also to shew an ac *470 tual possession or a general controlling power over the chat-by the defendant, at the date of the writ. Anderson v. Passman, 7 Car. & Pay. 193, Leigh’s N. P. 782. If, however, one having a right to the possession of property make a demand therefor, which is refused, and thereupon and be-the writ is sued out, the defendant part with the possession, then this action may be maintained; for the transfer of after demand, is treated as an act done in elusion °f the plaintiff’s action. In this case, it is not pretended that w^etl-tlie demand was made, the plaintiff had any right to the slave. The action, therefore, must be regarded as one brought without a demand, and of course subject to the ope-of the general rule. According to the case, the defendant did not have the actual possession when the writ, was sue<l out, and therefore the plaintiff could not rightfully re-9uh'e of the Judge to charge that the defendant was in law liable to his action. If he had asked of the Court to instruct the jury that the defendant was liable, if upon the evidence they inferred that he had a general controlling power .over the possession', it can scarcely be questioned but that this re-would have been complied with; for the instruction ac-tuahy given seems tantamount to it. He cannot be received to complain that the instruction was not more specific, when he did not ask that it should be. We do not see any error in the charge of the Judge, and the judgment must be affirmed.
it one hav-chai'tds of make a íbr^viIíXe" aniTthere’ upon and wriT^sued out, the •with the thTacdo"’ ”iLd be'”6 maintained; transfer of afierre" mand, is of the plain tiff’s ae-tI0“'
Per Curiam. Judgment affirmed.